

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

*Main Reception: (617) 748-3100*

*United States Courthouse, Suite 9200*
*1 Courthouse Way*
*Boston, Massachusetts 02210*

March 15, 2005

James H. Budreau, Esq.
Oteri Weinberg & Lawson, PA
20 Park Plaza
Boston, MA 02116

     Re:  United States v. Richard Collado
          Criminal No. 03-10404-NG

Dear Counsel:

    Enclosed please find copies of automatic discovery, and other requested (but not required) discovery previously provided to codefendants Michael Griffin, Ronald Cavaliere, and David Veney on March 11, 2004; April 14, 2004; June 16, 2004; December 14, 2004; and January 14, 2005. Copies of the audio and video recordings referenced in the March 11, 2004 letter will be provided to you by the end of this week (I do not believe that your client was recorded in any of these calls or meetings).

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following additional automatic discovery relevant to Mr. Collado in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

     a.   Written Statements

    There are no relevant written statements of the defendant Richard Collado in the possession, custody or control of the government, which are known to the attorney for the government.

     b.   Recorded Statements

There are no relevant recorded statements of the defendant Richard Collado in the possession, custody or control of the government, which are known to the attorney for the government.

c.    Grand Jury Testimony of the Defendant

The defendant Richard Collado did not testify before a grand jury in relation to this case.

d.    Oral Statements to Then Known Government Agents

The government is unaware of any oral statements made by the defendant before or after arrest, in response to interrogation by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2.    Defendant's Prior Record under Rule 16 (a)(1)(B)

I understand that you received a copy of Mr. Collado's criminal record at the time of his initial appearance.  Please let me know if you need an additional copy.

3.    Documents and Tangible Objects under Rule 16(a)(1)(C)

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.  As you will note in the final letter, dated January 14, 2005, I have enclosed copies of the DEA 7a reports, as well as a draft list identifying individual exhibits, so that you may more easily identify and describe items you are interested in reviewing.

4.    Reports of Examinations and Tests under Rule 16 (a)(1)(D)

Please see description in the March 11, 2004 discovery letter, and reports enclosed following that letter.

B.    Search Materials under Local Rule 116.1(C)(1)(b)

Please see description in the March 11, 2004 discovery letter, and reports enclosed following that letter.

C.    Electronic Surveillance under Local Rule 116.1(C)(1)(c)

2

No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

Please see description in the March 11, 2004 discovery letter, and reports enclosed following that letter.

There were no interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire, oral, or electronic communications relating to the charges contained in the indictment, made with the consent of one of the parties to the communication in which the defendant Richard Collado was intercepted or which the government intends to offer as evidence in its case-in-chief.

E.   Unindicted Cocomspirators under Local Rule 116.1(C)(1)(e)

The names of known or suspected unindicted coconspirators as to the conspiracy charged in Count One are named in the body of, and in the closing pages (in the "Indexing" section) of the DEA-6 reports dated 5/6/03, 6/27/03, and 7/11/03, enclosed with the discovery letter dated December 14, 2004 (a copy of which is produced herewith).

F.   Identifications under Local Rule 116.1(C)(1)(f)

I have learned that, after he described Richard Collado and identified him by name and town of residence, Frank Fister was shown a photograph of Richard Collado (Mr. Collado's RMV photo). A copy of that photograph is enclosed herewith.  I have no information indicating that the defendant Richard Collado was the subject of an investigative identification procedure used with any other witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.  In the event that I become aware that such a procedure was used, I will advise you at that time and provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedure.

G.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

Please see description in the March 11, 2004 discovery letter, and reports enclosed following that letter.

H.   Other Matters

3

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

Although not required by automatic discovery, also enclosed herewith please find the following DEA-6 reports: Report dated 4/23/04, entitled "Service of DEA Administrative Subpoena #03-4077 at the Holiday Inn Select, 2712 Southwest Freeway, Houston, TX"; Report dated 11/19/02, entitled, "Service of DEA Administrative Subpoena #03-0317 on Federal Express; Acquisition of Exhibit N-36"; and Report dated 3/1/04, entitled, "Servcie of DEA Administrative Subpoena #04-1566 on Verizon Wireless and subsequent identification of cell #508-259-4199 utilized by Richard COLLADO."

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at 617-748-3249 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

RACHEL E. HERSHFANG
Assistant U.S. Attorney

Enclosures

cc:   Thomas Quinn
      Clerk to the Honorable Judith G. Dein
      (w/o enclosure(s))

4

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

Although not required by automatic discovery, also enclosed herewith please find the following DEA-6 reports: Report dated 4/23/04, entitled "Service of DEA Administrative Subpoena #03-4077 at the Holiday Inn Select, 2712 Southwest Freeway, Houston, TX"; Report dated 11/19/02, entitled, "Service of DEA Administrative Subpoena #03-0317 on Federal Express; Acquisition of Exhibit N-36"; and Report dated 3/1/04, entitled, "Servcie of DEA Administrative Subpoena #04-1566 on Verizon Wireless and subsequent identification of cell #508-259-4199 utilized by Richard COLLADO."

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

Please call the undersigned Assistant U.S. Attorney at 617-748-3249 if you have any questions.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By:

RACHEL E. HERSHFANG
Assistant U.S. Attorney

Enclosures

cc:   Thomas Quinn
      Clerk to the Honorable Judith G. Dein
      (w/o enclosure(s))

4