```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
     v.                     )   Crim. No. 03-10404-NG
                            )
RICHARD COLLADO             )
```

**MOTION FOR DISCOVERY**

Now Comes defendant, Richard Collado, who respectfully moves this Court, to order the government to produce the following discovery pursuant to the Due Process Clause of the Fifth Amendment and the Confrontation Clause of the Sixth Amendment to the United States Constitution, Rule 16 of the Federal Rules of Criminal Procedure and Rule 116.1 and 117.1 of the Local Rules:

1. **Early Disclosure of 404(b) Evidence**

There are two categories of 404(b) evidence that the defendant is seeking. The first is the more traditional bad acts allegedly committed by Mr. Collado that the government believes is admissible and probative of the instant charges. The second category involves bad acts committed by the co-defendants that the government intends to offer at trial against the individual co-defendants.

    A.   **Defendant's 404(b) Bad Acts**

While the defendant is entitled to disclosure of the bad acts allegedly attributable to himself within 21 days of trial, the defendant has requested early disclosure and the government has declined. See Local Rule 117.1(A)(4)(b). Consequently, defendant moves this Court to order the government to produce this evidence withing 60 days of the trial date so that defendant

can investigate the substance of the allegations, raise alibi or other defenses, interview witnesses and raise appropriate objections to the relevancy and probativeness of any such bad acts. Given the prejudicial impact that such evidence can have on a defendant's trial, defendant believes that early disclosure is warranted and submits that the 21 day rule as permitted by Local Rule 117.1(A)(4)(b) is insufficient time to accomplish the above. Therefore, defendant moves this Court to exercise its judicial discretion by granting this request. See United States v. Nachamie, 91 F.Supp.2d 565 (SDNY DC 2000)(a period of disclosure exceeding 2-3 weeks is appropriate for 404(b) evidence unless the witnesses' safety is at issue)

    **B.    Co-Defendant's 404(b) Bad Acts**

Defendant similarly requests early disclosure of bad acts allegedly attributable to co-defendants. Defendant needs this information to determine whether a motion to sever is appropriate based upon collateral unfair prejudice. Such a decision should not be left up until three weeks before trial and this Court has the discretion to order early disclosure. See United States v. Nachamie, supra. Again, defendant moves this Court to order disclosure 60 days in advance of trial.

    2.    **List of Facilities Where CW's Were Incarcerated Pre-Trial**

Defendant seeks the location of facilities where the cooperating witnesses were housed for the instant crimes prior to

their guilty pleas in the instant case.  The government has declined to do so citing the fact that no rule or statute specifically requires them to do so.  Despite the lack of statutory authority, defendant believes this Court has the discretionary authority to order the production of this information and moves for such disclosure for the following reasons.

First, this evidence is vital for the defense if it is to locate witnesses who have spoken to the cooperating witnesses either before they pled guilty or afterward but before they were sentenced.[1]  As this Court knows, such an investigation has the potential of yielding a wealth of impeachment evidence given that many cooperating witnesses make contradicting statements to fellow inmates in person as well as to family and friends over the telephone.

Second, cooperating witnesses can often make statements to third parties about their true motive for testifying and/or animus toward the defendant.  Again, defendant needs to know the historical locations of where the cooperating witnesses were housed in order to properly investigate their backgrounds.

Consequently, defendant moves this Court pursuant to the Due process Clause of the Fifth Amendment to order the government to produce this information.

---

[1] Based upon the government's discovery letters, it is the defendant's understanding that the major CW's have been sentenced and are seeking sentence reductions pursuant to Rule 35.

Alternatively, defendant moves this Court to order the Marshall's Office to produce this information.

3. **A List Of All Bad Acts And/Or Conduct That "Might" Qualify As Admissible Pursuant To Rule 608(b) Of The Federal Rules Of Criminal Procedure For Any Co-Defendants (a) If The Government Intends To Admit Their Statements Pursuant To The Co-Conspirator Exception To The Hearsay Rule And (b) In Anticipation Of A Co-Defendant Electing To Testify**

Defendant is also seeking 608(b) evidence relative to co-defendants. When credibility of a witness is an issue at trial, then specific instances of the conduct of a witness may be inquired into on cross-examination when they are probative of truthfulness or untruthfulness pursuant to Rule 608(b) of the Federal Rules of Evidence. This evidence would become relevant if one of the co-defendants should testify at trial and say something incriminating about Mr. Collado. Under such circumstances, the defendant should have the same opportunity to fully cross-examine a testifying co-defendant as the government. See Confrontation Clause under the Sixth Amendment to the United States Constitution.

Additionally, if the government seeks to admit co-conspirator statements by one of Mr. Collado's co-defendants that implicates Mr. Collado in the instant crime, then his counsel should have the opportunity to introduce specific instances of the co-defendant's untruthfulness to demonstrate why that information may not be accurate. Otherwise, the government is able to perform an end run around the Confrontation Clause by

introducing unchallenged co-conspirator statements.

**4.    Transcripts Of Tapes Provided In Discovery**

Defendant moves this Court to order the following regarding the use of tapes provided by the government in pre-trial discovery:

A.    That the government identify what tapes it plans on transcribing for use of trial at least 60 days in advance of trial.  This will permit defendant to listen to the remaining tapes to determine their trial value and whether they need to be transcribed.

B.    That the government provide the transcripts for the tapes that it will be transcribing and/or potentially using at trial within 60 days of trial.  Given the large volume of tapes, this will give defendant sufficient time to evaluate the admissibility of co-conspirator statements, raise objections and determine whether there are any statements helpful to Mr. Collado's defense.

Again, this request is made pursuant to the Due Process Clause of the United States Constitution and the principles of fundamental fairness associated with Mr. Collado's right to a fair trial.

**5.    Co-Conspirator Statements**

Defendant seeks (1) early disclosure of any other co-conspirator statements made by his co-defendants that the government has in its possession or has knowledge of, but has not yet produced; and (2) specific identification of co-conspirator

statements that the government seeks to introduce at trial.

While the government has already disclosed a significant portion of the co-conspirator statements through tape recordings and proffers[2], there may be other co-conspirator statements that have not been disclosed.  Defendant seeks the disclosure of all co-conspirator statements pursuant to United States v. Allen, 289 F.Supp.2d 230 (NDNY DC 2003)(co-conspirator statements are discoverable by the defendant in advance of trial) so that he can raise appropriate objections in a timely manner.

Defendant also believes it would be in the interest of justice for this Court to order the government to identify thirty (30) days in advance of trial which co-conspirator statements it intends to introduce at trial.  See United States v. Allen, 289 F.Supp.2d 230 (NDNY DC 2003) Given the volume of tape recordings and proffers presented through discovery, defendant would be in a better position to identify his objections to particular statements and determine grounds for severance, if appropriate, if the government were required to make such a disclosure in advance of trial.  Defendant submits that this Court has the discretion to order such disclosures to ensure that the ends of justice are satisfied and the defendant is on an even playing field with the government. Id.

Wherefore, defendant moves this Court to grant the above

---

[2] Defendant acknowledges that the government has disclosed a significant number of co-conspirator statements already through its discovery production to date.

discovery requests.

                            Submitted By
                            Richard Collado's Attorney

                            <u>James Budreau /S/</u>
                            James Budreau, Bar# 559931
                            20 Park Plaza Suite 905
                            Boston, MA 02116
                            (617)227-3700