```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA        )
                                )
                                )
                                )
     v.                         )
                                )   No. 03-10404-NG
1.  MICHAEL GRIFFIN,            )
2.  RONALD CAVALIERE,           )
3.  WILLIAM DAVID VENEY, and    )
4.  RICHARD COLLADO,            )
                                )
          Defendants.           )
```

### GOVERNMENT'S MOTION IN LIMINE TO ADMIT TESTIMONY ABOUT ACTS BEFORE JANUARY, 2000

The United States, by and through its counsel, Michael J. Sullivan, United States Attorney, and Rachel E. Hershfang, and Nathaniel R. Mendell, Assistant United States Attorneys, hereby moves in limine to admit testimony regarding acts committed by the defendants in furtherance of the conspiracy before January, 2000 (the date "no later than" which the conspiracy is alleged to have begun). It is the government's position that this evidence is intrinsic to the charged conspiracy and admissible as direct evidence of the conspiracy. In an abundance of caution, and to minimize any possible delay in front of the jury, the government outlines its anticipated proof and the applicable law.

**I.    The Indictment; anticipated proof.**

The Superseding Indictment in this case alleges that, "From a date unknown to the Grand Jury, but no later than in or about

1

January, 2000, and continuing until on or about April 17, 2002 at Boston, and elsewhere, in the District of Massachusetts, and elsewhere," the named defendants participated in a conspiracy to possess with intent to distribute and to distribute cocaine.

As set out in the government's request for notice of alibi (docket no. 137), the specific transactions about which the government intends to present evidence all occurred within the dates specifically alleged in the indictment.  The three anticipated cooperating witnesses[1] will testify about events that occurred during the time-frame alleged in the indictment.  As discovery provided to the defense evidences, however (and as the indictment alleges), the conspiracy began before January, 2000. CW-1 and CW-2 began trafficking marijuana together as early as 1997; cocaine was added to their repertoire by approximately 1998.  The defendants who are to stand trial all became involved in the conspiracy before January, 2000, according to CW-1, CW-2, and CW-3.  To the extent that the cooperating witnesses have clear recollections of their first meetings with, or first

---

[1] The defendants are aware of the names and identities of these individuals and have received substantial discovery about them, including their prior grand jury testimony, trial testimony, criminal records, impeachment information, and law enforcement reports describing proffer sessions with them.  All three of these witnesses are currently incarcerated.  For safety reasons, the government will not refer to them by name in this filing.  Instead, "CW-1" will refer to the Boston-based cooperating witness, "CW-2" will refer to the first Colorado-based cooperating witness, and "CW-3" will refer to the Colorado-based cooperating witness recruited by CW-2.

conspiratorial dealings with, each of the defendants, those recollections are of times before January, 2000.  The government therefore anticipates that, in the course of describing their relationships with the defendants, the cooperating witnesses will refer to events that occurred outside the scope of the charged conspiracy.

For example, when asked to describe when he first met any of the three charged defendants, CW-1 would describe having met all three long before 2000, in a social capacity.  CW-2 and CW-3 would both describe having met Griffin and Veney in connection with the conspiracy, on a date that the government knows, based on information from other witnesses and documents, to have occurred before January, 2000.  With respect to Collado, CW-2 has no specific recollection of their first meeting, either with respect to time or context.

In short, the cooperating witnesses' testimony will require them to talk about events outside the (explicitly) charged scope of the conspiracy if they are to be complete and truthful about basic matters such as when, and under what circumstances, they met the defendants.

II. **Argument**.

Testimony about meetings, in the course of the conspiracy, before January of 2000 is relevant and admissible under Fed. R. Evid. 401.  It is not subject to the strictures of Fed. R. Evid.

404(b) because it does not pertain to "<u>other</u> crimes, wrongs or acts," but to the charged crime.  Compare, e.g., <u>United States v. Candelaria-Silva</u>, 162 F.3d 698, 703-704 (1st Cir. 1998) (evidence that passenger in car driven by defendant brandished gun during car chase admissible as intrinsic evidence of defendant's participation in charged conspiracy); <u>United States v. Manning</u>, 79 F.3d 212, 218 (1st Cir. 1996) (in drug prosecution, admission of drug paraphernalia seized from defendant's home not subject to Rule 404(b) test because evidence was intrinsic to charged crime).  Here, the evidence -- of how the conspirators met, and how they began trafficking drugs together - is similarly intrinsic to the charged crime.

The indictment's alleged start-date, "no later than" January, 2000, "does not preclude the admission of evidence relating to events which occurred earlier."  <u>United States v. Paredes-Rodriguez</u>, 160 F.3d 49, 56 (1st Cir.1998) (citing <u>United States v. Fisher</u>, 3 F.3d 456, 461 n.12 (1st Cir.1993), <u>United States v. Bello-Perez</u>, 977 F.2d 664, 669 n. 4 (1st Cir.1992), <u>United States v. Crocker</u>, 788 F.2d 802, 805 (1st Cir.1986)) (affirming introduction of evidence related to drug transaction 13 days before charged date; "approximate dates in an indictment are not binding and thus the scope of the indictment may cover prior events"; limiting instruction by court effectively prevented potential prejudice).  <u>See also</u> <u>United States v.</u>

4

Morris, 700 F.2d 427, 429 (1st Cir.1983) (prostitution case in which government's proof of relevant dates was either vague or inconsistent with allegations in bill of particulars, though within alleged temporal scope of indictment; "where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required").

Bello-Perez is particularly instructive.  In that case, the indictment charged a (cocaine) conspiracy beginning "at an unknown date but at the latest by August, 1988...."  Bello-Perez, 977 F.2d at 667.  Evidence presented at trial related to criminal acts by the defendant dating back to 1987, before the arrest of one member of the conspiracy [Clark].[2]  The evidence at trial showed that after Clark's arrest, the remaining conspirators (and others) continued distributing cocaine in largely the same manner as before.  Id. at 666-67.

On appeal, the defendant argued that the earlier evidence pertained to a separate conspiracy, and had therefore been erroneously admitted.  The Court of Appeals, citing a charge to the jury to consider whether the evidence showed one, or multiple, conspiracies, affirmed the conviction.  Reasoning that the "essential structure and function of the illicit enterprise" continued after Clark's arrest, and that the "*modus operandi*

---

[2] The indictment did not name Clark as a co-conspirator. Bello-Perez, 977 F.2d at 667.

remained essentially unchanged," the Court agreed that one conspiracy had been proved.  Moreover, the Court reasoned, "the temporal bounds of the conspiracy alleged in the indictment fairly encompassed the pre-Clark arrest period as well as the post-arrest period. [...] [T]he indictment alleged that the conspiracy began at an 'unknown' date, 'at the latest by August, 1988' -- a time when Clark clearly remained in charge of the distribution network supplied by [the defendant], and [another co-conspirator] was serving as Clark's lieutenant."  Id. at 669; see also id. at 669, n. 4 (citing cases in support of proposition that indictment charging a conspiracy beginning at "unknown date" but "no later than" particular date does not preclude evidence related to events predating "no later than" date).

   Here, there is no decisive event (such as the arrest of a co-conspirator) to interrupt the flow of the conspiracy. Instead, the anticipated evidence will pertain to the beginnings of the same conspiracy that is charged, and to a time period fairly covered by the indictment's allegation of a "date unknown," but no later than January, 2000.

   Such evidence is important to allow the government to tell the whole story of the relationship among the conspiracy's participants.  Even were the evidence considered under the rubric of Rule 404(b) and Rule 403, it would properly be admissible. "In a conspiracy case, evidence of other bad acts, subject always

to the requirements of Rule 403, can be admitted to explain the background, formation, and development of the illegal relationship [citations omitted], and, more specifically, to help the jury understand the basis for the co-conspirators' relationship of mutual trust." United States v. Escobar-de Jesus, 187 F.3d 148, 169 (1st Cir. 1999) (additional internal citations omitted) (affirming admission of cocaine co-conspirator's testimony that she sold heroin to defendant during course of charged cocaine conspiracy; evidence of the heroin purchase was "important to show how a relationship of trust had developed" between the witness and the defendant, and was therefore "specially probative of the conspiratorial agreement that existed between them, a fact which was directly in issue and material to the case"). See also United States v. Landrau-Lopez, 444 F.3d 19, 24 (1st Cir. 2006) (testimony about two prior bad acts related to the smuggling of drugs, when considered with testimony that defendant had a longstanding personal relationship with co-conspirator, was probative of knowledge and intent); United States v. Santana, 342 F.3d 60, 67 (1st Cir. 2003) (earlier drug conspiracy between defendant and cooperating witness could be considered for how their trust relationship was formed, how the conspiracy operated, the identity of a defendant, and cooperating witness's credibility); United States v. Rodriquez, 215 F.3d 110, 118-120 (1st Cir. 2000) (under Rule

404(b), affirming district court's admission of testimony about defendants' prior drug-trafficking relationship with each other and a cooperating witness as, *inter alia*, explaining why a defendant would have accepted a solicitation to traffic drugs).

Even had the defendants' actions occurred before the conspiracy, rather than during it, the evidence would be admissible to show the conspiracy's existence, its purpose and the significance of later behavior, United States v. Crocker, 788 F.2d 802, 806 (1st Cir. 1986), or to show an ongoing relationship between co-conspirators and to help the jury understand conspirators' later role during conspiracy, id., or as evidence of a criminal association between the alleged conspirators. United States v. Tse, 375 F.3d 148, 155 (1st Cir. 2004) (under Fed. R. Evid. 404(b) the court admitted evidence of another drug transaction the defendant had with the cooperating witness because it demonstrated that the defendant had a "criminal association").

Similarly, the evidence is not subject to exclusion under Fed. R. Evid. 403.  Although it is admittedly prejudicial, as evidence of the charged crime, this is not reason for exclusion; "it is only unfair prejudice, not prejudice per se, against which Rule 403 guards." United States v. Gonzalez-Vazquez, 219 F.3d 37, 47 (1st Cir. 2000); compare Rodriquez, 215 F.3d at 120-122 (affirming admission of evidence about prior, similar drug-

Case 1:03-cr-10404-NG   Document 145   Filed 01/16/2007   Page 9 of 9

trafficking among the defendants 13 and 14 years before the charged drug-trafficking offense).

The evidence whose admission is sought is intended to show the defendants' relationship with their co-conspirators. Its admission will allow the jury to understand the beginnings of the conspiracy, when these people met, and under what circumstances. The government respectfully requests that it be admitted.

```
                                   Respectfully submitted,
                                   MICHAEL J. SULLIVAN
                                   United States Attorney


                             By:   /s/ Rachel E. Hershfang
                                   Rachel E. Hershfang
                                   Nathaniel R. Mendell
                                   Assistant U.S. Attorneys
                                   (617) 748-3249/-3304
```

January 16, 2007

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and mailed to all those not participating in ECF.

```
                             /s/ Rachel E. Hershfang
                             Rachel E. Hershfang
```

9