UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA  )<br>  )<br>     v.                        )<br>  )<br>RICHARD COLLADO             ) | Crim. No. 03-10404-NG |

**DEFENDANT RICHARD COLLADO'S OPPOSITION TO GOVERNMENT'S MOTION IN LIMINE TO ADMIT EVIDENCE OF DEFENDANT'S PRE INDICTMENT COCAINE USE AND MARIJUANA SALES**

Now Comes defendant, Richard Collado, who respectfully files this opposition to the government's motion in limine to introduce pre-indictment evidence of Mr. Collado's alleged recreational use of cocaine and distribution of marijuana with Fister before January 2000. The government also seeks to admit evidence that Mr. Collado had a relationship with some of Mr. Fister's cocaine customers. Consequently, defendant moves in limine to preclude the government from introducing such evidence. Defendant will address each of these three categories of evidence below.

The admissibility of Rule 404(b) evidence is considered in two steps: "first, a court must determine whether the evidence in question has any special relevance exclusive of defendant's character or propensity; and second, notwithstanding its special relevance, whether the evidence meets the standard set forth in Fed.R.Evid. 403." <u>United States v. Decicco</u>, 370 F.3d 206, 211 (1st Cir. 2004) If this Court finds a "special relevance" but also finds that the prejudice to the defendant substantially outweighs the probative value, the evidence can be precluded. Fed.R.Evid. 403.

**1. Recreational Cocaine Use**

Mr. Collado has been charged with conspiracy and possession with intent to distribute cocaine and marijuana. Evidence of Mr. Collado's alleged cocaine use is neither probative nor imbued with "special relevance" to show he knowingly and intentionally joined a conspiracy to distribute or whether he did indeed distribute cocaine and marijuana. Compare United States v. Landrau-Lopez, 444 F.3d 19, 23 (1st Cir. 2006)(admitting evidence of defendant's past distribution efforts on part of a co-defendant was not abuse of discretion where the defense was ignorance in a conspiracy case charging similar conduct), United States v. Spinosa, 982 620, 628 (1st Cir. 1992)(evidence of defendant's prior drug sales admissible to support conspiracy charges for the same) See United States v. Levy, 2006 WL 721515 (EDNY 2006)(uncharged conduct inadmissible despite involvement of conspirator as it did not establish basis of trust for conspiracy and was more prejudicial than probative) This evidence should be excluded from trial as its only legitimate purpose is to show that the defendant had a propensity to commit crimes or do drugs.

Additionally, even if this evidence bore some "special relevance" to the indictments, it is simply more prejudicial than probative pursuant to Fed.R.Evid. 403. This is especially true where the only evidence that Mr. Collado was even involved in cocaine and marijuana distribution comes from the testimony of Fister and Mirabal. There is no direct evidence of his involvement in this crime other than from the testimony of these

two cooperating witnesses.  "[T]he gravity of unfair prejudice is even more apparent" where "the prior [bad act] was not merely one part of the government's attempt to establish...state of mind...[but] the entire case."  United States v. Aguilar-Aranceta, 58 F.3d 796, 803 (1st Cir. 1995)(prior conviction for possession of cocaine was inadmissible in cocaine distribution case as it was more prejudicial than probative) See United States v. Arias-Montoya, 967 F.2d 708 (1st Cir. 1992) therefore, the government is attempting to convict Mr. Collado based upon

Based upon the above, the government's motion to introduce evidence of Mr. Collado's cocaine use should be denied.

**2.   Collado's Pre-indictment Marijuana Sales**

In contrast to the above argument relative to Mr. Collado's alleged cocaine use, defendant concedes that there is some "special relevance" between his alleged pre-2000 marijuana sales and the government's case against him.  See United States v. Landrau-Lopez, 444 F.3d 19, 23 (1st Cir. 2006)  Under Rule 404(b), evidence of a defendant's prior bad acts is not admissible if the only relevance of the evidence is to "instigate an inference that the defendant is more likely to have acted in similar fashion by committing the offense for which he is on trial."  United States v. Levy-Cordero, 67 F.3d 1002 (1st Cir. 1995) Given that the only rationale for the government seeking to introduce this evidence is for propensity purposes, this evidence should be excluded.

Defendant also submits that this evidence is more

3

prejudicial than probative pursuant to Fed.R.Evid. 403 given that (1) the conduct is too similar in nature, (2) and the evidence of these alleged offenses is merely from Fister and is not corroborated in any form or fashion, and they are too remote in time.  This is of special concern in this case where the evidence that Mr. Collado was involved in cocaine and marijuana distribution is relatively thin; coming almost exclusively in the form of testimony from two cooperating witnesses, Fister and Mirabal.[1]  There is no direct evidence of his involvement in this crime, i.e. recordings or incriminating seizures, other than from the testimony of these two cooperating witnesses.  Consequently, the impact of this pre-indictment evidence of marijuana sales is troubling at the very least.

As it cannot be said that evidence of similar bad act evidence by the defendant is not prejudicial, see United States v. Brito, 427 F.3d 53 (1st Cir. 2005)(dissimilar conduct is considered less prejudicial), the question becomes whether the prejudice substantially outweighs the probative value.  This balancing test obviously depends upon the facts of the case.  The First Circuit has held, "[t]he gravity of unfair prejudice is even more apparent" where "the prior [bad act] was not merely one part of the government's attempt to establish...state of mind...[but] the entire case."  United States v. Aguilar-

---

[1] The corroborative proof appears to be limited to evidence that Mr. Collado (1) received one fed-ex package while in Texas, (2) went on 3 flights paid by Fister and (3) was in telephone contact with Fister and Mirabal.

Aranceta, 58 F.3d 796, 803 (1st Cir. 1995)(prior conviction for possession of cocaine was inadmissible in cocaine distribution case as it was more prejudicial than probative)

In the instant case, it is apparent that the government is attempting to use similar past bad act evidence as a means not only to establish knowledge on part of Mr. Collado, but to convince a jury that he has a propensity to commit such crimes. Given the lack of reliable evidence that Mr. Collado actually committed these prior bad acts together with its highly prejudicial nature, defendant moves this Court to deny the government's motion in limine and exclude this testimony.

**3.    Collado's Relationship To Fister's Cocaine Customers**

Both Fister and Mirabal will testify that Collado (1) went through a batch of cocaine kilos culling the good from the bad and (2) acted as an intermediary for Fister when he allegedly returned 54 kilos of that substandard cocaine to Mirabal on April 17, 2002. In an effort to establish why Fister would have Collado perform this "culling" function, the government seeks to offer evidence that Mr. Collado had an ongoing relationship with Fister's cocaine customers. The government has not disclosed the nature of this relationship, but simply says that it supports why Fister used Collado in this manner. Additionally, defendant expects that this testimony will come from Fister alone and that none of these "customers" will testify.

Defendant submits that this evidence, in its present form, lacks the "special relevance" needed to be admissible pursuant to

404(b). Even if we can assume for the moment that this evidence is not of a hearsay nature, the government has failed to provide a sufficient description of how Mr. Collado's alleged relationship with these non-testifying customers translates into why he chose him to act as a "culler" of substandard cocaine. The government clearly must do so before this evidence can be properly evaluated pursuant to Rule 404(b). In its present state it feels and looks like propensity evidence. This Court should, therefore, rule that it is inadmissible.

    Regardless of what rationale the government gives to support Fister's alleged reasoning for choosing Collado as his "culler", it will not be corroborated by other testimony or documents. This allegation will strictly be based upon Fister's testimony. Consequently, defendant submits that this allegation is simply too unreliable and, therefore, substantially more prejudicial that probative. See United States v. Shepard, 189 F.3d 476 (9th Cir. 1999)(evidence admissible if bad acts establish intent, are similar in nature, are sufficiently corroborated and not too remote in time)  This Court should grant defendant's request to exclude this testimony.

    Wherefore, defendant moves this Court to (1) deny the government's motion to introduce pre-2000 bad act evidence and (2) grant defendant's request to exclude Fister's testimony that Mr. Collado had a special relationship with his cocaine customers in an effort to somehow explain why he allegedly chose him to cull substandard cocaine from the "good stuff".

Submitted By
Richard Collado's Attorney


<u>James Budreau /S/</u>
James Budreau, Bar# 559931
20 Park Plaza Suite 905
Boston, MA 02116
(617)227-3700

    I hereby certify that I served a copy of Defendant's Witness List through the ECF system which was sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on the 25nd day of January 2007.

<u>/s/ James Budreau</u>