UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

————————————————
                                        )
UNITED STATES                           )
                                        )
        v.                              )          CRIM. NO. 03-10404-NG
                                        )
MICHAEL S. GRIFFIN,                     )
RONALD CAVALIERE,                       )
WILLIAM DAVID VENEY,                    )
and RICHARD COLLADO.                    )
————————————————)


**DEFENDANT RICHARD COLLADO'S OPPOSITION TO GOVERNMENT'S
MOTION IN LIMINE TO ADMIT CO-CONSPIRATORS
DIARIES, LEDGER, AND CALENDAR**


        The government has filed a motion in limine seeking to admit into evidence Frank

Fister's "diaries" for three years as well as Rodney Mirabal's "ledger" for 2002 and calendar for

2002.  Because the documents in question are not "business records" pursuant to Fed.R.Evid.

803(6) and are not statements of co-conspirators in furtherance of a conspiracy, the

government's motion must be denied.  While defendant Collado agrees with and incorporates the

legal analysis of defendant Griffin's opposition to the same, there is one factual difference worth

noting.

        Specifically, neither Fister's ledgers nor Mirabal's date book identify any transactions

with or by Mr. Collado.  Therefore, this evidence does not assist the government in proving a

conspiracy between Collado and the rest of the defendants no matter the cooperating witnesses,

Frank Fister or the Mirabals.  See United States v. Alosa, 14 F.3d 693, 696 (1st Cir. 1994) and

United States v. Casas, 356 F.3d 104, 125 (1st Cir. 2004) ( if a ledger "manifestly" contains drug

records, it is admissible solely as evidence of the <u>existence</u> of a drug conspiracy)

Rule 801(d)(2)(E) provides that "a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy" may be admitted.  "[A] party who wants to introduce a particular statement must show by a preponderance of the evidence that a conspiracy embracing both the declarant and the defendant existed, and that the declarant uttered the statement during and in furtherance of the conspiracy."  <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1180 (1st Cir. 1993).  That evidence must be apart from the statement at issue.  <u>Id</u>. at 1182. No such showing has been made here.

Consequently, the ledgers are inadmissible hearsay as to Mr. Collado as they do not fall within any exception to the hearsay rule.

Wherefore, defendant Collado respectfully moves this Court to deny the government's motion in limine.

Respectfully submitted,

<u>/s/ James Budreau</u>
JAMES BUDREAU
BBO No. 553391
20 Park Plaza, Suite 905
Boston, MA 02116

Dated:   January 25, 2007

<u>Certificate of Service</u>

I hereby certify that this document(s) filed through the EFT system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 25, 2007.

<u>/s/ James Budreau</u>