UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO.: No. 03-10404-NG |
| | ) | |
| RICHARD COLLADO | ) | |

<u>DEFENDANT'S PROPOSED JURY INSTRUCTIONS</u>

Pursuant to Fed. R. Crim. P. 30, defendant, Richard Collado, requests the Court to include the following instructions on its' charge to the jury. Defendant reserves the right to supplement or amend these requests.

                                                                   RICHARD COLLADO
                                                                   By his attorney,

                                                                   <u>/s/James H. Budreau</u>
                                                                  James H. Budreau
                                                                  B.B.O. # 553391
                                                                 20 Park Plaza, Suite 905
                                                                 Boston, MA 02116
                                                                Tel.: 617-227-3700

<u>CERTIFCATE OF SERVICE</u>

I, James H. Budreau , hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (EFC) and paper copies will be sent to those indicated as non-registered participants on February 19, 2007.

                                                                  /s/ James H. Budreau
                                                                  James H. Budreau

### DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 1
### PROOF BEYOND A REASONABLE DOUBT

The burden is upon the Government to prove beyond reasonable doubt that the defendant is guilty of the charge made against him. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. Proof beyond a reasonable doubt is the highest standard of proof known to the law. It requires that the evidence exclude any reasonable doubt concerning the defendant's guilt. It means that you, the jurors, may not convict any defendant unless and until you have reached a subjective state of near certitude that he is guilty.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence using reason and common sense, jurors cannot say that they have settled conviction of the truth of charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions, one that a defendant is guilty as charged, the other that the defendant is not guilty, you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden on proof beyond a reasonable doubt. One the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its' heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against the defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must

give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

Jackson v. Virginia, 443 U.S. 307, 315,99 S.Ct. 2781, 2787, (1979); Sandoval v. Kentucky, 114 S. Ct. 1239, 1246 (1994); United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir)

DEFENDANT'S REQUESTED JURY INSTRUCTIONS NO. 2
IF DEFENDANT DOES NOT TESTIFY

      You may have noticed that Mr. Collado did not testify at this trial.  The defendant has an absolute right not to testify, since the entire burden of proof in this case is on the government to prove that the defendant is guilty.  No inference of guilt, or anything else, may be drawn from the fact that Mr. Collado did not testify.  It is not up to the defendant to prove that he is innocent.

      Under our system law, a defendant has a perfect right to say to the government, "You have the burden of proving your case against me beyond a reasonable doubt.  I do not have to say a word."

      The fact that the defendant did not testify has nothing to do with the question of whether he is guilty or not guilty.  So you are not to consider it in any way, or even discuss in your deliberations.  You must determine whether the government has proved its case against the defendant based solely on the testimony of the witnesses who did testify and the exhibits that were introduced.

Carter v. Kentucky, 450 U.S. 288, 299-303 (1981); Bruno v. United States, 303 U.S. 287, 293-94.  See also United States v. Ladd, 877 F.2d 1083, 1089 (1st Cir. 1989).

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 3
## LAW ENFORCEMENT WITNESS

You have heard the testimony of several law enforcement officials. The fact that a witness may be employed as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or less weight that that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony, whatever weight, if any, you find it deserves.

Adapted from Sand, Modern Federal Jury Instructions, at ¶7.01 (Instruction No. 7-16).

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS NO. 4
### INDICTMENT IS NOT EVIDENCE

Mr. Collado has been charged by way of an indictment. You are not to draw any adverse inferences against Mr. Collado from the fact that he was indicted. The indictment is simple the description of the charge against the defendant; it is not evidence of anything. Mr. Collado has pled "Not Guilty" and, therefore, he denies that he is guilty if the crime charged in the indictment. He is presumed innocent and may not be found guilty by you unless all of you – the trial jurors unanimously find that the government has proven his guilt beyond a reasonable doubt.

Pattern Criminal Jury Instructions for District Courts, 1.02; See Vol. 1A, K.O'Malley, J. Grenig & W. Lee, Federal Jury Practice and Instructions, Sec. 13.04 (5th ed. 2000).

DEFENDANT'S REQUESTED JURY INSTRUCTIONS NO. 5

CONSIDER EACH DEFENDANT SEPERATELY

The indictment names three defendants who are on trial together. In reaching a verdict, however, you must bear in mind that guilt is individual. Your verdict as to each defendant must be determined separately with respect to him, solely on the evidence, or lack of evidence, presented against him without regard to the guilt or innocence of anyone else.

Sand, Siffert, Loughlin and Reiss, Modern Federal Jury Instructions, Instruction 3-5, p. 3-10 (2004).

DEFENDANT'S REQUESTED JURY INSTRUCTIONS NO. 6
WITNESS WITH AGREEMENTS WITH THE GOVERNMENT

In this case, there has been testimony from government witnesses who entered into agreements with the government to testify.  There is evidence that the government agreed not to bring charges against a witness in exchange for his agreement to testify.  There is also evidence that the government agreed to lower terms of imprisonment for a witness in exchange for his agreement to testify.

While the government is allowed to enter into these kinds of agreement, you should consider the testimony of these individuals with particular caution.  While some people in this position are entirely truthful while testifying, they may have had reason to make up stories or exaggerate what others did because they want to help themselves.

In examining the testimony of those witnesses, in examining the manner and circumstances of their testimony, you may consider any plea bargain arrangements the government has entered into with each witness to determine how the plea bargain affects any testimony given.  More importantly, you may consider how the terms of any such plea agreement reflect upon the way a witness testified and the events to which a witness testified.

In other words, you may consider how the terms of a witness' agreement with the government may color his testimony; whether the witness is motivated to tell the truth.

You may consider how a witness' hope of future benefits to him as a result of his understanding of any plea bargain may operate to enhance his testimony in a way favorable to the government.  You may also consider what effect any governmental promises or bargains as yet to partially unfulfilled may operate to induce testimony favorable to the government and contrary to the interest of the defendant.

You may also consider whether any governmental ability to revoke previously provided benefits may operate to induce testimony favorable to the government.

In assessing the credibility of witnesses, you may also consider whether a witness has received a sentence for his criminal activity, whether that sentence has been changed or reduced prior to the witness' testimony or may be reduced after the witness' testimony

is given. And you may consider whether the existence of any of these circumstances may affect the quality of such witness' testimony.

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS NO. 7
### CREDIBILITY

      It will be your duty to decide any questions of fact.  You will have to determine the truthfulness and credibility of the witnesses, and the weight to be given to their testimony.  You are the Sole judges of the credibility of the witnesses, and if there is any conflict in the testimony, it is your function to resolve the conflict and determine the truth.  You may reject all the testimony of a witness, you may reject some parts and accept others, you may think a witness exaggerates, or understates, remembers, or forgets.

      In determining the credibility of a witness and in determining the weight to be given to his or her testimony, you should consider the conduct and demeanor of the witness while testifying, the frankness or lack of frankness while testifying, the reasonableness or unreasonableness of the testimony, the probability or improbability of the testimony, the opportunity or lack of opportunity of the witness to see and to know the facts concerning which he is testifying, the accuracy of the witnesses' recollection, whether drugs or alcohol could have affected his ability to remember or perceive events, whether or not the witness has made prior statements or given prior testimony inconsistent with his or her testimony at trial, the degree of intelligence shown by the witness and.  You should also take into consideration the character and appearance of the witness at the trial, and any bias he has shown in his or her testimony in determining the credit to be given to his or her testimony.

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS NO. 8
### PRIOR INCONSISTANT STATEMENTS

The testimony of a witness may be discredited or impeached by showing that he or she previously made statements that are inconsistent with his or her present testimony.

If a witness is shown to have given false statements concerning any material matter, you have a right to distrust such witness's testimony in other particulars. You may reject all of the testimony of that witness or give it such credibility as you may think it deserves.

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS NO. 9
### INFERENCES

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact you know exists. There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw. The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw—but not required to draw—from facts that have been established by either direct or circumstantial evidence.

In drawing inferences, you should exercise your common sense. So, while you are considering the evidence presented to you, you are permitted to draw, from the facts that you find to be proven, such reasonable inferences as would be justified in light of your experience. Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical reasonable inferences drawn from such evidence, you must not convict the defendant unless you are convinced of his guilt beyond a reasonable doubt.

## DEFENDANT'S REQUESTED JURY INSTRUCTIONS NO. 10
### OBJECTIONS

At times during the trial, you heard lawyers make objections to questions asked by others lawyers, and to answers by witnesses. It is a proper function of lawyers to make objections. In objecting, a lawyer is requesting that I make a decision on a particular rule of law. Do not draw from such, or from my rulings on the objections, any inferences about facts. The objections and my rulings related only to legal questions that I had to determine. They should not influence your thinking about the facts.

DEFENDANT'S REQUESTED JURY INSTRUCTIONS NO. 11

The indictment alleges that the defendants conspired with at least one other person to distribute cocaine.

To prove this allegation, it is not enough for the government to show that a defendant simply had an opportunity to join the conspiracy, or was present during another conspirator's activities. It is not enough for the government to show that he knew, approved of, or acquiesced in the conspiracy's goal. Finally, it is not enough for the government to show that his actions were similar to the conspirators'.[1] Rather, the government is required to prove beyond a reasonable doubt that each defendant actually and intentionally agreed to join the alleged conspiracy, shared its goal, and that his actions were intended by him to achieve its unlawful purpose.[2]