UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 03-10404-NG |
| | ) | |
| v. | ) | |
| | ) | |
| 1. MICHAEL GRIFFIN, | ) | |
| 3. WILLIAM DAVID VENEY, | ) | |
| 4. RICHARD COLLADO, | ) | |
| Defendants. | ) | |

**GOVERNMENT'S OPPOSITION TO GRIFFIN'S MOTION TO CONTINUE TRIAL**

The United States of America, by and through counsel Michael J. Sullivan, United States Attorney, and Rachel E. Hershfang, Assistant United States Attorney, opposes the motion filed by defendant Michael Griffin ("Griffin") to continue the re-trial in this case, set for May 5, 2008. In support of this opposition, the government states as follows:

1. **The requested delay is prejudicial and interferes with the administration of justice.** This is an old case. It was indicted in December, 2003, well over four years ago. It concerns events that occurred years before that; as the Court is aware from the first trial, the government's evidence covered 1997 to 2001. Witnesses cannot reasonably be expected to recall indefinitely events that occurred seven to eleven years ago. The degradation of memory unambiguously favors the defense; continued delay materially and predictably weakens the government's case.

2. **It penalizes government witnesses who are held in custody.** The defendants in this case are at liberty. The government's witnesses, guilty of the same conduct with which the defendants are charged, are incarcerated. Because of their status as witnesses, they have already

1

faced greater difficulty than most prisoners. One of them, Frank Fister, has been held in a state facility for sixteen months without the educational and vocational opportunities present in a federal facility. Another, Rodney Mirabal, is being transported from Texas to Massachusetts on a writ of habeas corpus endorsed by the Court almost a month ago [D.296]. Mr. Mirabal's anticipated release date is May 19, 2008. See www.bop.gov. A May 5 trial date would already have delayed his release by some weeks beyond the expected end of his prison term.

3. **The government has been reasonable in accommodating counsels' earlier requests for a continuance.** The government accommodated two earlier, post-trial continuances -- from October to February and February to May -- based on counsels' schedules, and was assured by the Court that the May 5 date was a firm date. The second of these continuances was sought by counsel for Griffin, Mr. Weymouth, who was appointed in November, 2007, some four months ago. At that time, he represented to the Court and the parties that he could be prepared to try the case on May 19, 2008. [D.289]. The Court accordingly set the May 5 date. Although the newly-filed motion does not request a new date, it asks that the Court not hold trial during the first two weeks of June, thus apparently seeking to exclude May 19 as a date for continuance.

4. **There is no reasonable likelihood of a brief continuance.** As the Court is aware, rescheduling this trial is a Herculean undertaking, as it requires accommodating a four- to five-week trial in the schedules of the Court and five busy lawyers. Although it is not clear what sort of a continuance Mr. Weymouth is requesting, it is clear that other attorneys (and, obviously, the Court) have scheduled other obligations around this firm trial date. Counsel for Richard Collado, for example, has accommodated this trial date by seeking and receiving a continuance in a murder case. While the government might agree to a one- to two-week

continuance, there is little reasonable possibility of such a short delay, at least if counsel for Griffin is to be accommodated.

5. **The trial date is a month away.** Although the undersigned is sensitive to counsel's need to absorb and master the materials in the case, there is sufficient time to do that, even if the process has not begun during the past four months. Should counsel require assistance to prepare in a timely matter, it is presumably within the power of the Court to appoint co-counsel to share the burden. The witnesses are few. Their sworn testimony has been available for over a year. It is work, to be sure, but it can be done.

For the reasons set forth above, and any other that the Court may recognize, the government opposes the motion to continue the trial and respectfully asks that the Court order the trial to commence on May 5, as planned.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

By:

                              /s/ Rachel E. Hershfang
                              RACHEL E. HERSHFANG
                              Assistant U.S. Attorney

Dated: April 4, 2008

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon counsel of record the foregoing by filing it electronically this 4th day of April, 2008

                              /s/ Rachel E. Hershfang
                              RACHEL E. HERSHFANG
                              ASSISTANT UNITED STATES ATTORNEY