UNITED STATES DISTRICT COURT
                       DISTRICT OF MASSACHUSETTS

                                    )
RICHARD COLLADO,                    )
                                    )
         Petitioner,                )
                                    )
    v.                              )  CRIMINAL NO. 1:03-cr-10404-PBS
                                    )
UNITED STATES OF AMERICA,           )
                                    )
         Respondent.                )
                                    )

                           **MEMORANDUM AND ORDER**

                              July 29, 2013

Saris, C.U.S.D.J.

                            **I. INTRODUCTION**

    Petitioner, Richard Collado, brings this motion pursuant to 28 U.S.C. § 2255(a) claiming that (1) his trial and appellate attorneys were ineffective, and (2) he is actually innocent. Because this motion is time-barred, Petitioner's request for relief (Docket No. 425) is **DENIED**.

                            **II.  BACKGROUND**

    On December 2, 2008, a jury found Petitioner guilty of conspiracy to possess with intent to distribute and to distribute cocaine and marijuana in violation of 21 U.S.C. § 846. (Docket No. 314). Retired Judge Gertner then sentenced Petitioner to 94

months in custody and 36 months of supervised release. (Docket No. 360). In exchange for a safety-valve proffer, in which he gave a detailed account of his participation in the conspiracy, Petitioner received a sentence below the mandatory minimum in accordance with 18 U.S.C. § 3553(f). (Docket No. 429). The First Circuit affirmed the sentence, United States v. Collado, No. 09-2642 (1st Cir. May 4, 2011) (Docket No. 408), and the United States Supreme Court denied certiorari on October 3, 2011. Collado v. United States, 132 S. Ct. 187 (2011).

On January 18, 2013, this Court received Petitioner's pro se Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Docket No. 425, hereinafter "§ 2255 Motion"), which he signed on January 12, 2013, and in which he alleges ineffective assistance of counsel and actual innocence. Petitioner alleges that his appellate counsel filed a deficient appellate brief and that his trial counsel failed to challenge a paid government witness's testimony; request an informant jury instruction; "call impeachment witness;" and share with Petitioner Jencks Act material turned over by the government. § 2255 Motion at 13; Reply to Opposition at 1 (Docket No. 433). Petitioner further claims that he "found in the FPC Law Library on Jan 2, 2013, after reviewing his Court records and using the Lexisnexis Law

Library, [t]hat his Counsel was ineffective." Id. The government filed an opposition on February 10, 2013, arguing, inter alia, that this petition is time-barred (Docket No. 429). Petitioner's reply to this opposition, received on February 25, 2013, claims that this motion is timely pursuant to § 2255(f)(4) because he discovered within the year preceding his filing that his counsel had been ineffective. (Docket No. 433).

### III. DISCUSSION

**A. Standard of Review**

The Antiterrorism and Effective Death Penalty Act imposes a one-year limitation period to file motions from the latest of four dates, two of which are relevant in this case: "the date on which the judgment of conviction becomes final," and "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(1),(4). "A habeas petitioner has the burden of adducing facts sufficient to show both that his petition should be treated as timely and that he is entitled to relief." Ramos-Martinez v. United States, 638 F.3d 315, 325 (1st Cir. 2011).

"[T]he discovery of a new legal theory does not constitute a discoverable 'fact' for purposes of § 2255(f)(4)." Barreto-Barreto v. United States, 551 F.3d 95, 99 n.4 (1st Cir. 2008). A petition is not timely unless the petitioner discovered in the

3

year preceding his habeas filing new "evidentiary facts or events, and not court rulings or legal consequences of the facts." Holmes v. Spencer, 685 F.3d 51, 59 (1st Cir. 2012) (internal citation and quotation marks omitted) (applying § 2254's statute of limitations).[1]  The statute of limitations begins to run when a petitioner becomes aware of the facts underlying his claim.  Id. at 59.  Petitioner "must show that, exercising due diligence, he could not have learned of the evidence in question at a substantially earlier date."  Wood v. Spencer, 487 F.3d 1, 4 (1st Cir. 2007).  This test of due diligence "is objective, not subjective."  Id. at 5.

**B. Petitioner's Motion is Time-barred**

Petitioner's conviction became final on October 3, 2011 when the United States Supreme Court denied certiorari.  Collado v. United States, 132 S. Ct. 187 (2011); see also In re Smith, 436 F.3d 9, 10 (1st Cir. 2006) (holding that the statute of limitation begins to run when the petition for certiorari is

---

[1] Section 2244(d)(1)(D) governs the timeliness of § 2254 motions and permits filing one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Courts have often construed the statutes of limitations of § 2254 and § 2255 similarly given "the compelling textual similarity and congruent purpose that section 2244(d) and 2255(f) share and the common heritage of both provisions as part of the same statutory framework."  Ramos-Martinez, 638 F.3d at 321-22 (citing Holland v. Florida, 130 S. Ct. 2549, 2560 (2010)).

denied). Petitioner does not dispute that he filed his motion more than one year from "the date on which the judgement of conviction [became] final," § 2255(f)(1), but argues that his motion is timely pursuant to § 2255(f)(4).[2]

Section 2255(f)(4) does not apply to this case. In <u>Holmes</u>, a habeas petitioner discovered, through research in the prison law library, that his plea bargain was precluded as a matter of law and his attorney therefore had provided ineffective assistance. 685 F.3d at 54, 59. The court held that the statute of limitations started to run when petitioner became aware of the facts underlying the claim--petitioner's initial desire to go to trial, his attorney's recommendation to plead guilty, and petitioner's desire to obtain a reduced sentence in exchange

---

[2] In <u>McQuiggin v. Perkins</u>, 133 S. Ct. 1924, 1928 (2013), the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations." (Interpreting § 2254). However, Petitioner must persuade the district court that, "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." <u>Id.</u> at 1928 (internal citations and quotation marks omitted). Petitioner's actual innocence claim does not fall within the "severely confined category [of] cases" excused from the statute of limitations. <u>Id.</u> at 1933. He offers no new evidence, simply stating that he is "actually [i]nnocent," "[n]o [c]onspiracy never [sic] took place," and he "never Distribute[d] Cocaine nor [sic] Marijua[n]a." § 2255 Motion at 6. He also admitted to the crime in the safety-valve proffer. (Docket No. 429).

this plea--not when petitioner realized that his attorney's advice was flawed. Id. at 59.

The statute of limitations here began to run not when Petitioner became aware through research in the law library of "the legal consequences" of the facts underlying his claim, but when he could reasonably have discovered those underlying facts themselves. Id. His petition complains about his appellate attorney's filing, the occurrence of contested witness accounts and jury instructions, and the existence of Jencks Act material, but Petitioner fails to show or allege that he filed his motion one year from the date at which those facts "could have been discovered through the exercise of due diligence." § 2255(f)(4). Accordingly, Petitioner has not met his "burden of adducing facts sufficient to show both that his petition should be treated as timely and that he is entitled to relief." Ramos-Martinez, 638 F.3d at 325.

## ORDER

The motion (Docket No. 425) is **DENIED**.

      /s/ PATTI B. SARIS
      Chief United States District Judge